**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5448-15T1

MONA WEISS,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY
DEPARTMENT OF CORRECTIONS,

    Defendant-Respondent.

_____

        Submitted August 8, 2017 — Decided August 15, 2017

        Before Judges O'Connor and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Cumberland County, Docket No.
        L-919-15.

        Chance & McCann, LLC, attorneys for appellant
        (Beth White, on the brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Melissa Dutton
        Schaffer, Assistant Attorney General, of
        counsel; Peter H. Jenkins, Deputy Attorney
        General, on the brief).

PER CURIAM

Plaintiff Mona Weiss appeals from an April 29, 2016 order dismissing her complaint against defendant New Jersey Department of Corrections (DOC).  We dismiss the appeal.

Plaintiff was employed as a social worker for the DOC from 2004 until 2011, most recently at Southern State Correctional Facility.  Investigators from the DOC obtained Commissioner's subpoenas for plaintiff's phone records after the DOC received a tip plaintiff had a sexual relationship with a parolee.  The investigators identified approximately thirty-three telephone calls between plaintiff and the parolee.  The DOC interviewed the parolee, who disclosed he had engaged in a sexual relationship with plaintiff after his release on parole in 2010, but plaintiff ended the relationship in 2011.

The DOC investigator interviewed plaintiff on June 28, 2011. The investigator read plaintiff her <u>Weingarten</u>[1] rights; plaintiff orally declined union representation but checked the box on the waiver form indicating she wanted union representation.  During the interview, plaintiff conceded she had four or five encounters with the parolee after his release but denied having a sexual relationship with him.

---

[1] <u>Nat'l Labor Relations Bd. v. J. Weingarten, Inc.</u>, 420 <u>U.S.</u> 251, 95 <u>S. Ct.</u> 959, 43 <u>L. Ed.</u> 2d 171 (1975).

On July 1, 2011, the DOC served plaintiff with a preliminary notice of disciplinary action, charging her with conduct unbecoming a public employee, in violation of N.J.A.C. 4A:2-2.3(a)(6); other sufficient cause, in violation of N.J.A.C. 4A:2-2.3(a)(12);[2] conduct unbecoming an employee, in violation of HRB 84-17 C-11; improper or unauthorized contact with inmate, undue familiarity with inmates, parolees, their families or friends, in violation of HRB 84-17 D-4; and violation of a rule, regulation, policy, procedure order or administrative decision, in violation of HRB 84-17 E-1.

The DOC served plaintiff with a final notice of disciplinary action on September 20, 2011, terminating her employment. Plaintiff contested the decision by filing a grievance, and the matter was submitted to arbitration pursuant to the collective bargaining agreement. The arbitrator conducted a hearing on March 12 and 23, 2015. On July 21, 2015, the arbitrator denied the grievance and upheld plaintiff's termination.

Plaintiff filed a notice of appeal with the Appellate Division on September 2, 2015. In a letter dated October 8, 2015, the clerk of the Appellate Division instructed plaintiff to establish

---

[2] We note the arbitration award indicates plaintiff was charged under N.J.A.C. 4A:2-2.3(a)(11); however, the correct regulation is N.J.A.C. 4A:2-2.3(a)(12).

A-5448-15T1

a basis for this court to exercise jurisdiction over the appeal of an arbitration award or withdraw her appeal. By letter of October 15, 2015, plaintiff acknowledged the erroneous filing and requested the court transfer her appeal to the Law Division. Although the record supplied to us is unclear, it appears the matter was not transferred; thereafter, plaintiff filed a verified complaint against the DOC and order to show cause in the Law Division on December 23, 2016. The record contains a December 23, 2015 letter by plaintiff's counsel submitted with the complaint stating:

> This matter is an appeal from an agency arbitration decision issued on July 21, 2015. Said appeal was misfiled in the Superior Court Appellate Division on September 4, 2015. Request was made to transfer the appeal to the Superior Court Law Division in Cumberland County pursuant to New Jersey Court Rule 1:5-6 (d). It is respectfully requested that the matter be given the filing date it received from the Appellate Division.

The DOC moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e). The motion was granted because the complaint was filed beyond the three months an appeal from an arbitration award must be filed pursuant to N.J.S.A. 2A:24-7, absent an extension agreed upon by the parties, and the complaint failed to state a claim for which relief could be granted. According to the motion judge's

decision, plaintiff filed a complaint and order to show cause as a summary action on December 23, 2015.[3] Plaintiff asserts she had a right to rely on the filing date of her misfiled appeal as within the three months because the Appellate Division is bound by the rules of general application. She cites to Rule 1:1-2(a) to support this assertion.[4]

Based on the incomplete record, we cannot address plaintiff's arguments concerning either the merits of the case or whether plaintiff was justified in relying upon Rule 1:5-6(d),[5] because

---

[3] We have not been provided with a copy of plaintiff's complaint, order to show cause, or the order denying the order to show cause.

[4] Rule 1:1-2(a) provides,

> The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.

[5] Rule 1:5-6(d), which plaintiff has not cited in her brief on appeal, and which was not discussed in the trial court's oral opinion, provides the following:

> If papers are sent to the wrong filing office, they shall be stamped "Received but not yet filed (date)" and transmitted by that office to the proper filing office and a notice shall be sent by the transmitting office to the filer of the paper advising of the

although we know plaintiff filed a notice of appeal in the Appellate Division, we do not know what plaintiff filed in the Law Division.  Moreover, plaintiff was directed by the clerk of the Appellate Division to withdraw her appeal, so she could file her papers in the correct court well within the time permitted under N.J.S.A. 2A:24-7, but she failed to do so.

Pursuant to Rule 2:6-1(a)(1)(A), an appendix prepared by appellant or jointly by the appellant and the respondent shall contain pleadings.  Moreover, "[a] party on appeal is obliged to provide the court with 'such other parts of the record . . . as are essential to the proper considerations of the issues.'"  Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002) (quoting R. 2:6-1(a)(1)(H); R. 2:6-3).  Here, plaintiff failed to provide copies of the necessary pleadings to entitle us to properly review this matter.  Accordingly, we are constrained to dismiss the appeal.

Dismissed without prejudice.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

transmittal.  The stamped received date shall be the date of the filing.

6

A-5448-15T1